UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-10478-JAK (KK)** | Date: | November 25, 2020 |
|---|---|---|---|
| Title: | *Derrick Hill v. California* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order To Show Cause Why The Petition Should Not Be Dismissed For (1) Failure to Name Proper Respondent and (2) Failure To Exhaust State Remedies

## I.
## INTRODUCTION

On October 12, 2020, Derrick Hill ("Hill"), who is currently confined at Substance Abuse Treatment Facility and State Prison ("SATF-CSP") in Corcoran, California, constructively filed[1] a pro se Petition pursuant to 28 U.S.C. § 2254. See ECF Docket No. ("Dkt.") 1, Pet. Hill challenges his 2017 convictions in Los Angeles Superior Court for "aggravated mayhem," "torture," "injuring spouse/cohabitant," and "great bodily injury." Id. at 2. The Petition sets forth two grounds for habeas relief: (1) improper use of a prior conviction as impeachment evidence ("Claim One") and (2) violation of the Confrontation Clause for failure to call the complaining witness to testify ("Claim Two"). Id. at 5–6.

The Petition, however, appears subject to dismissal because (1) the Petition fails to name a proper respondent and (2) Hill has not exhausted his state remedies with respect to Claim Two. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Hill an opportunity to address this issue.

---

[1]    Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

# II.
# DISCUSSION

## A.   THE PETITION FAILS TO NAME A PROPER RESPONDENT

"[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (citations omitted). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" Id. at 435; see Stanley v. Cal. Sup. Ct., 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (holding the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).

Here, the Petition names California as Respondent. Dkt. 1 at 1. However, California is not a proper respondent in a habeas petition. Nesbitt v. California, No. SACV 12-1786-PSG (RNB), 2012 WL 6645607, at *1 n.1 (C.D. Cal. Oct. 19, 2012), report and recommendation adopted sub nom. Nesbitt v. Hutchens, 2012 WL 6643094 (C.D. Cal. Dec. 20, 2012) ("The Court notes that the People of the State of California is not a proper respondent for a federal habeas petition."). Accordingly, the Petition is subject to dismissal for failure to name a proper respondent.

## B.   THE PETITION IS A MIXED PETITION SUBJECT TO DISMISSAL

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Here, Hill filed a petition for review with the California Supreme Court. Dkt. 1 at 3. Hill raised three grounds in this petition: (1) "The court erred in failing to instruct," (2) "The court erred

in admitting prior conviction," and (3) "There was insufficient evidence to convict." Id. The second ground in the petition for review appears to be the same as Claim One of the instant Petition, which disputes the use of a prior conviction as impeachment evidence. See id. at 6. The petition for review with the California Supreme Court was denied. Id. at 3. Hence, it appears Claim One was properly exhausted.

With respect to Claim Two, however, this claim does not appear to have been exhausted on direct appeal. Hill concedes his "Lawyer Steven Brody (SBN 271616) never addressed" or presented Claim Two to the California Supreme Court. Id. at 7. In addition, Hill concedes he has never filed a state habeas petition raising this claim. Id. at 3. The California Supreme Court thus has not ruled on Claim Two, and this claim appears unexhausted.

Accordingly, because the Petition contains both an exhausted and an unexhausted claim, it is a mixed petition subject to dismissal without prejudice. See Rose, 455 U.S. at 522.

### III.
### ORDER

Hill is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for (1) failure to name a proper respondent and (2) failure to exhaust state remedies. Hill must respond to this Order by filing a written response **no later than December 16, 2020.** Hill must respond to this Order by (1) filing a request to amend the Petition to name the person who has custody over Hill (e.g., the warden of SATF-CSP) as the respondent **AND** (2) pursuant to one or more of the following options to explain why the Petition should not be dismissed for failure to exhaust state remedies.

**Option 1 - Hill May Explain Claim Two is Exhausted:** If Hill contends he has in fact exhausted his state court remedies on Claim Two, he should clearly explain this in a written response to this Order. Hill should attach to his response copies of any documents establishing that Claim Two is indeed exhausted. Hill may also file a response and include a notice that if the Court still finds Claim Two to be unexhausted, he alternatively selects one of the other options discussed below.

**Option 2 - Hill May Voluntarily Dismiss Claim Two And Proceed Only On Exhausted Claim One:** If Hill wishes to proceed on the exhausted Claim One only, he may file a request to voluntarily dismiss Claim Two. The Court advises Hill that if he elects to proceed now with only his exhausted claim, any future habeas petitions containing Claim Two or other claims that could have been raised in the instant Petition may be rejected as successive or may be time-barred.

**Option 3 - Hill May Request A *Rhines* Stay:** Under Rhines v. Weber, a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. 544 U.S. 269, 276 (2005); Mena v. Long, 813 F.3d 907, 908 (9th Cir. 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay-and-abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277–78.

Hill may file a motion for a <u>Rhines</u> stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Hill did not intentionally engage in dilatory litigation tactics. <u>See id.</u> Hill should include any evidence supporting his request for a <u>Rhines</u> stay.

**Option 4 - Hill May Request A *Kelly* Stay:** Under <u>Kelly v. Small</u>, if a petitioner dismisses a mixed petition's unexhausted claims, the court may stay the petition's remaining exhausted claim to allow the petitioner time to exhaust the unexhausted claims in state court. 315 F.3d 1063, 1070–71 (9th Cir. 2003). This is called a "<u>Kelly</u> stay." Unlike a <u>Rhines</u> stay, a <u>Kelly</u> stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009).

A <u>Kelly</u> stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and hold in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." <u>Id.</u> (citing <u>Kelly</u>, 315 F.3d at 1170–71). Thus, while "<u>Rhines</u> allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . <u>Kelly</u> allows the stay of <u>fully exhausted</u> petitions, requiring that any unexhausted claims be dismissed." <u>Id.</u> at 1139–40 (emphasis in original) (citing <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005)).

While a <u>Kelly</u> stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the <u>Kelly</u> procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." <u>King</u>, 564 F.3d at 1140–41. After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" <u>Id.</u> at 1141 (citation omitted).

Hill may file a motion for a <u>Kelly</u> stay and follow the three-step procedure above. First, Hill must file a proposed notice voluntarily dismissing Claim Two. <u>See id.</u> at 1135. The Court will then stay and hold in abeyance the fully exhausted Petition containing only the exhausted Claim One and allow Hill the opportunity to exhaust the deleted Claim Two in state court. <u>See id.</u>

**Caution:** Hill is cautioned that if he requests a stay and the Court denies the request for a stay, or if Hill contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. In addition, the Court warns Hill that if Hill should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). **Accordingly, Hill may select options in the alternative.**

**The Court expressly warns Hill that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice as a mixed petition, for failure to**

**name a proper respondent, and/or for his failure to comply with court orders and failure to prosecute.** See **FED. R. CIV. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Hill at his current address of record.**

**IT IS SO ORDERED.**